IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEROME ISAAKO LAUINA,<br><br>Defendant. | CRIMINAL NO. 13-00999 DKW-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT AND 18 U.S.C. § 3582(c)(1)(A)(i) |

Before the Court is inmate Jerome Isaako Lauina's "Motion for Reduction of Sentence Pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i)" ("Motion"). ECF No. 30. Lauina states that the Motion is based on "recent changes in the law," "Supreme Court rulings," "United States Sentencing Guideline [c]hanges," and "[a]mendments to certain statutes." *Id.* at 1. As explained below, the Motion is DENIED for multiple reasons, including Lauina's failure to exhaust his administrative remedies.

## I.  RELEVANT BACKGROUND

In an October 30, 2013 five-count Indictment, ECF No. 1, the Government charged Lauina with separate instances of distributing cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a) and 860(a)(Counts 1 through 4), and possession of five grams or more of methamphetamine with the

intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(Count 5). *Id.* at 1-4. The Government also filed a Special Information stating its intent to seek enhanced sentencing penalties pursuant to 21 U.S.C. §§ 841(b)(1) and 851, based on Lauina's prior state drug convictions. ECF No. 6.

Lauina pleaded guilty to Counts 4 and 5 on January 13, 2014. *See* ECF Nos. 16, 17. In exchange, the Government moved to dismiss the Special Information, ECF No. 17 at 3–4, which the Court granted. ECF No. 16. The Government also agreed to dismiss Counts 1 through 3 at sentencing. *Id.*

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). ECF No. 24. The PSR calculated the base offense level for Counts 4 and 5 to be 28. *Id.* at 8. The PSR added two levels to this base offense level because Lauina had committed the offenses within 1,000 feet of a playground. *Id.* This addition resulted in an adjusted offense level of 30. *Id.*

The PSR determined that Lauina was a "career offender" based on his prior state convictions for Promoting a Dangerous Drug in the Second Degree under Case No. 96-1288, and Robbery in the Second Degree under Case No. 11-1-1869. *Id.* at 9. As a result, Lauina's offense level increased by four to 34. *Id.* The offense level was then decreased by three because of Lauina's acceptance of responsibility. *Id.* This resulted in a total offense level of 31. *Id.*

2

The PSR chronicled Lauina's twenty-eight year criminal conviction history, which resulted in a criminal history score of 16 and a criminal history category of VI under the Sentencing Guidelines.  *Id.* at 10–19.  Lauina's "career offender" designation, in other words, did not impact his criminal history category because he had independently amassed sufficient criminal history points to land in that maximum category regardless.  *Id.*

With a total offense level of 31 and a criminal history category of VI, Lauina's advisory guideline range was 188 to 235 months' imprisonment.  *Id.* at 23.  During his sentencing hearing on April 29, 2014, and while he was represented by counsel, Lauina raised no objections to the PSR and agreed with the applicable guideline range.  The Court imposed a sentence of 188 months' imprisonment as to each of Counts 4 and 5, to run concurrently.  ECF Nos. 25, 26, 42.  Lauina is currently serving his sentence at Federal Correctional Institution, Herlong.  *See* Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Name"; enter "Jerome" in "First" field and "Lauina" in "Last" field; select "Search") (last visited Mar. 22, 2022).  The Bureau of Prisons' website lists an expected release date of March 14, 2027.  *Id.*

Lauina filed the instant Motion on December 27, 2021.[1] ECF No. 30. The Motion states that it is brought "pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), of the First Step Act." *Id.* at 1. Lauina seeks a "reduction of his sentence based on recent changes in the law, due to Supreme Court rulings, (USSG's) United States Sentencing Guideline Changes, and Amendments to certain statutes." *Id.* at 1. The government filed its Response in opposition to the Motion on January 12, 2022, ECF No. 35, and Lauina filed his Reply on March 1, 2022, ECF No. 39. This Order follows.

## II. **LEGAL STANDARD**

"The court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). "[T]his general rule is subject to several exceptions, one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

---

[1] At the time he filed the Motion independent of counsel, Lauina was still represented by the Office of the Federal Public Defender. *See* ECF No. 27. On March 8, 2022, however, Assistant Federal Defender Max J. Mizono moved to withdraw as counsel. ECF No. 40. That motion was granted on March 23, 2022. ECF No. 45. Ordinarily, "[w]hen a party is represented by an attorney, the party may not act on his or her own behalf[.]" LR83.5(a); *see also* CrimLR12.3 (stating that "the General and Civil local rules are applicable to criminal cases," unless otherwise provided in the Local Criminal Rules). Given AFPD Mizono's recent withdrawal, the Court exercises its discretion to nonetheless consider Lauina's Motion. *See* LR83.5(a).

4

Previously, only the Bureau of Prisons ("BOP") Director could file a motion under 18 U.S.C. § 3582(c)(1)(A) on an inmate's behalf.  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam).  As part of the First Step Act of 2018, however, "Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed."  *Id.* (citing First Step Act of 2018, Pub. L. No. 115-391, Title VI, sec. 603(b)(1), 132 Stat. 5194, 5239 (2018)).

If a district court decides that an inmate has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, the court proceeds to determine whether:  (1) "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i); (2) "such a reduction in sentence is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)[2]; and (3) the sentence reduction is warranted under applicable 18 U.S.C. § 3553(a) sentencing factors, 18 U.S.C. § 3582(c)(1)(A).  The absence of any one of these requirements is sufficient to deny a motion for compassionate

---

[2]"[T]he Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 802.  In this context, therefore, district courts are "'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)) (ellipsis in original).

release.  *Keller*, 2 F.4th at 1284 ("[A] district court that properly *denies* compassionate release need not evaluate each step.").

An inmate seeking relief under 18 U.S.C. § 3582(c)(1)(A) bears the burden of proof by a preponderance of the evidence.  *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *United States v. Ibarra*, No. 19-cr-00049-DKW, 2021 WL 3924733, at *2 (D. Haw. Sept. 1, 2021).

## III.  DISCUSSION

The Government argues that the Motion should be denied because Lauina failed to show that he exhausted his administrative remedies.  ECF No. 35 at 13. The Court agrees.

As noted, *supra*, Section 603(b)(1) of the First Step Act broadened 18 U.S.C. § 3582(c)(1)(A) to allow an inmate to seek a reduction of sentence directly from the Court provided that the inmate "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the [inmate's] facility, whichever is earlier."  Pub. L. No. 115-391, Title VI, sec. 603(b)(1), 132 Stat. at 5239; *Keller*, 2 F.4th at 1281.

Section 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule that must be enforced when properly invoked."  *Keller*, 2 F.4th at

1282.  District courts, therefore, cannot overlook an inmate's failure to satisfy this exhaustion requirement.  *See United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021) ("[In *Keller*,] we made clear that a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust."); *United States v. Trask*, 859 F. App'x 38, 38–39 (9th Cir. 2021) (rejecting argument that district court could excuse failure to exhaust for equitable reasons).

In the Motion, Lauina fails to allege, much less show, that he exhausted his administrative remedies.  In fact, the Motion entirely ignores 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.  *See* ECF No. 30.  In a footnote in his Reply to the Government's exhaustion argument, Lauina refers to an exhibit and states that he did submit a "Formal Request" to the warden.  ECF No. 39 at 4 n.1.  Lauina does not say, however, when he purportedly submitted this request to the warden or what became of his alleged request.  Moreover, the cited exhibit does not support Lauina's claim and has nothing to do with exhaustion.  *See* ECF No. 39-1 at 1–19.  The exhibit includes only compassionate release statistics reported by the U.S. Sentencing Commission, *see id.* at 2–11, and various case and legal summaries, the origin of which is unclear, *see id.* at 12–19.  Nothing suggests that Lauina submitted these documents along with a request for a reduction of sentence to the warden, as required by 18 U.S.C. § 3582(c)(1)(A), or when he did so.

Apparently recognizing that his failure to exhaust administrative remedies stops the Motion in its tracks, Lauina asserts in his Reply that he "mistakenly" referred to 18 U.S.C. § 3582(c)(1)(A) "in err[or]." ECF No. 39 at 2, 17.  Pivoting, he now states that the Motion is based on Section 404 of the First Step Act, not 18 U.S.C. § 3582(c)(1)(A).[3]  *See id.* at 3.  Lauina may not, however, reimagine the basis for the Motion in his Reply.  *See* LR7.2 ("Any argument raised for the first time in the reply shall be disregarded."); *United States v. Inoshita*, Cr. No. 15-00159 JMS & Civ. No. 16-00032 JMS-KSC, 2016 WL 2977237, at *6 (D. Haw. May 20, 2016) ("[T]he court does not consider arguments raised for the first time in reply.").  The text of the Motion could not be clearer.  Lauina unequivocally stated that he brought the Motion "pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)." ECF No. 30 at 1.  Section 3582(c)(1)(A)'s exhaustion requirement therefore applies, and, having failed to comply with it, the Motion must be denied.

Even if Lauina had based the Motion on Section 404 of the First Step Act, evading any exhaustion requirement, that provision would not help him.  Although

---

[3]Section 404 of the First Step Act addresses how the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), applies to certain inmates whose sentences were final before August 3, 2010.  *See United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020).  Congress enacted the Fair Sentencing Act "to reduce the disparate treatment of offenders who dealt crack cocaine compared to offenders who dealt powder cocaine." *Id.* at 471–72.  Section 404(b) of the First Step Act provides that inmates may move for a reduction in their sentences as if certain sections of the Fair Sentencing Act were in effect at the time those inmates committed their offenses. *Id.*  Unlike a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), a motion for reduction of sentence under Section 404 does not require exhaustion of administrative remedies.

Section 404 makes certain provisions of the Fair Sentencing Act retroactively applicable to inmates who were sentenced *prior* to August 3, 2010, it does not apply to inmates who were sentenced *after* that date. *See United States v. Jones*, No. 4:11-CR-59-1H, 2021 WL 1669034, at *1 (E.D.N.C. Apr. 28, 2021) (concluding that Section 404 did not apply to a defendant who "was sentenced after the enactment of the Fair Sentencing Act"); *United States v. Washington*, No. 11-235, 2020 WL 3971282, at *2 (E.D. La. July 14, 2020) (concluding that a defendant who was sentenced after the enactment of the Fair Sentencing Act "is not eligible for a reduction of sentence under Section 404 of the First Step Act"). Here, the Court sentenced Lauina on April 28, 2014—that is, well after the August 3, 2010 enactment date of the Fair Sentencing Act. Thus, Section 404 of the First Step Act simply does not apply here.

Moreover, even if the Motion was based on Section 404 of the First Step Act and that section did apply to Lauina, it could not be used to challenge his "career offender" designation, as Lauina appears to believe. *See* ECF No. 30 at 6–8; *see also* ECF No. 39 at 12–14. The Ninth Circuit has explicitly held that Section 404 does not permit "a plenary resentencing proceeding in which a defendant's career offender status can be reconsidered."[4] *Kelley*, 962 F.3d at 471; *see also United*

---

[4]In any event, Lauina's arguments regarding his career offender designation are unfounded. To the extent Lauina contends that his state drug conviction for Promoting a Dangerous Drug in the Second Degree would not qualify as a predicate offense under "now-revised-and amended

*States v. Johnson*, 834 F. App'x 428, 429 (9th Cir. 2021) (concluding that First Step Act did not allow court to revisit inmate's career offender designation); *United States v. Lucio*, No. 4:14-cr-00254-BLW, 2020 WL 5521036, at *1 (D. Idaho Sept. 14, 2020) ("[T]he First Step Act does not authorize plenary re-sentencing proceeding in which a defendant's career offender status can be reconsidered.").

Finally, even if the Motion were based on Section 404, Section 404 applied here, and Lauina could successfully challenge his career offender designation, the Court would not exercise its discretion in Lauina's favor.  "Section 404(c) provides that a court's decision to reduce a sentence under the First Step Act is

---

guideline [§] 4B1.1," ECF No. 30 at 6, he is mistaken.  The Guidelines provide today, just as they did when Lauina was sentenced, that a defendant is a career offender if, among other things, the defendant has at least two prior felony convictions of "either a crime of violence or a controlled substance offense."  U.S. Sent'g Guidelines Manual § 4B1.1(a) (Sent'g Comm'n 2021).  The fact that the Sentencing Commission deleted the "residual clause" in the definition of "crime of violence" in 2016 does not change the fact that Lauina's state drug conviction for knowingly distributing methamphetamine remains a "controlled substance offense," and Lauina does not dispute that his conviction for Robbery in the Second Degree is a "crime of violence."  To the extent Lauina also contends that these two convictions are too old to qualify as predicate offenses, he would again be incorrect.  ECF No. 39 at 14–15.  The Guidelines provide today, just as they did in 2014, that a sentence counts if, among other things, (1) it exceeded one year and one month and resulted in the defendant being incarcerated during any part of the fifteen-year period prior to the commencement of the instant offense; or (2) was imposed within ten years of the commencement of the instant offense.  U.S. Sent'g Guidelines Manual § 4A1.2(e) (Sent'g Comm'n 2021).  Lauina did not complete his ten-year sentence for Promoting a Dangerous Drug in the Second Degree until July 8, 2006, and he was sentenced for Robbery in the Second Degree on May 9, 2012.  ECF No. 24 at 13, 17.  The charges in this case were based on conduct that commenced on June 13, 2013.  Thus, Lauina's sentences for Promoting a Dangerous Drug in the Second Degree and Robbery in the Second Degree both fall within a covered period.

discretionary." *Kelley*, 962 F.3d at 472; *see also United States v. Jones*, 962 F.3d 1290, 1304 (11th Cir. 2020) ("District courts have wide latitude to determine whether and how to exercise their discretion in this context.").  In exercising this discretion, district courts "may consider all the relevant factors, including the statutory sentencing factors." *Jones*, 962 F.3d at 1304; *see also United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 WL 23965568, at *6 (E.D. Wash. June 6, 2019) ("In deciding how to exercise their discretion and determine the extent of a sentence reduction under [Section 404 of the First Step Act], courts should consider the factors set forth in 18 U.S.C. § 3553(a)[.]").

Here, the Court balanced 18 U.S.C. § 3553(a)'s factors before sentencing Lauina to 188 months' imprisonment.  These factors included, among others, the nature and circumstances of Lauina's offenses, and his characteristics and history. *See* 18 U.S.C. § 3553(a).  Specifically, the Court considered Lauina's lengthy criminal history, including violent crimes and all manner of drug offenses.  The Court also considered Lauina's lack of respect for the criminal justice system and his inability to conform his behavior to the norms of society.  Balancing all of 18 U.S.C. § 3553(a)'s factors, the Court decided that the sentence imposed was necessary to protect the public from further crimes by Lauina.  The same factors continue to support the sentence imposed, despite Lauina's good behavior during

his incarceration.  Thus, even if it could do so, the Court would not exercise its discretion in Lauina's favor.

## IV.  **CONCLUSION**

For the foregoing reasons, Lauina's "Motion for Reduction of Sentence Pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i)," ECF No. 30, is DENIED.

IT IS SO ORDERED.

DATED: March 28, 2022 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

*United States v. Lauina*; Criminal No. 13-00999 DKW-1; **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT AND 18 U.S.C. § 3582(c)(1)(A)(i)**